UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

**KATHY REAVES,**
 Plaintiff,

v.

**WILCOX, BUYCK & WILLIAMS, P.A.,**
 Defendant.

Civil Action No. _____

JAN 12 '26 AM10:30
RCV'D - USDC FLO SC

## COMPLAINT

**(Fair Credit Reporting Act – Unauthorized Consumer Report Use)**

### I. JURISDICTION AND VENUE

1. This action arises under the **Fair Credit Reporting Act ("FCRA")**, 15 U.S.C. § 1681 *et seq.*

2. This Court has jurisdiction pursuant to **28 U.S.C. § 1331**.

3. Venue is proper under **28 U.S.C. § 1391(b)** because Defendant conducts business in this District and the acts complained of occurred here.

### II. PARTIES

4. Plaintiff **Kathy Reaves** is a natural person and a "consumer" as defined by **15 U.S.C. § 1681a(c)**.

5. Defendant **Wilcox, Buyck & Williams, P.A.** is a South Carolina professional association and a "person" within the meaning of **15 U.S.C. § 1681a(b)**.

### III. FACTUAL ALLEGATIONS

#### A. The Consumer Report

6. In or about **August 2021**, Plaintiff obtained a background check for employment-related purposes.

7. The background check contained information bearing on Plaintiff's character and eligibility for employment and therefore constitutes a consumer report under 15 U.S.C. § 1681a(d).

8. The consumer report contained personally identifiable information, including Plaintiff's full name and other identifying data.

#### B. Defendant's Lack of a Permissible Purpose

9. Plaintiff did not authorize Defendant to obtain, access, possess, or use her consumer report.

10. Plaintiff did not initiate any transaction with Defendant that would create a permissible purpose under 15 U.S.C. § 1681b(a).

11. Defendant was not Plaintiff's employer, prospective employer, creditor, insurer, or licensing authority.

#### C. Unauthorized Access and Use

12. Defendant obtained or used Plaintiff's consumer report, or information derived from it, without a permissible purpose.

13. Defendant used Plaintiff's consumer-report information in written communications and court filings.

14. Defendant's use of the consumer report occurred outside any authorized statutory purpose and after any litigation justification had ceased.

### D. Concrete Harm

15. Defendant's unauthorized access and use of Plaintiff's consumer report caused Plaintiff a concrete invasion of privacy.

16. Plaintiff suffered loss of control over her personal information, emotional distress, and anxiety resulting from the unauthorized use.

17. These injuries are actual, particularized, and traceable to Defendant's conduct.
    See *Dreher v. Experian Info. Sols., Inc.,* **856 F.3d 337, 345 (4th Cir. 2017)**.

## IV. CLAIMS FOR RELIEF

### COUNT I

**Unauthorized Use of Consumer Report**
**15 U.S.C. § 1681b(f)**

18. Defendant obtained or used Plaintiff's consumer report without a permissible purpose.

19. Such conduct violates 15 U.S.C. § 1681b(f).

20. The Fourth Circuit recognizes that unauthorized access alone states a claim under the FCRA.
    See *Yohay v. City of Alexandria Emps. Credit Union, Inc.,* 827 F.2d 967, 972–73 (4th Cir. 1987).

### COUNT II

**Willful Noncompliance**
**15 U.S.C. § 1681n**

21. Defendant acted knowingly or in reckless disregard of its statutory obligations.

22. Reckless disregard of statutory authorization constitutes willfulness.
    See *Safeco Ins. Co. of Am. v. Burr*, **551 U.S. 47, 56–57 (2007)**.

## COUNT III

**Negligent Noncompliance**
**15 U.S.C. § 1681o**

23. In the alternative, Defendant negligently failed to comply with the FCRA, causing actual damages.

## V. PRAYER FOR RELIEF

Plaintiff requests:

A. Statutory damages pursuant to 15 U.S.C. § 1681n;
B. Actual damages pursuant to 15 U.S.C. § 1681o;
C. Punitive damages for willful violations;
D. Injunctive relief prohibiting further unauthorized use of Plaintiff's consumer report;
E. Costs and fees as permitted by law; and
F. Such other relief as the Court deems proper.

## VI. JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,
Kathy Reaves
Plaintiff, Pro Se