IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kathy Reaves, a/k/a Kathy Juanita Reaves, | ) ) ) | CASE NO.: 4:26-cv-00109-JD-TER |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM ORDER AND OPINION |
| Wilcox, Buyck & Williams, P.A., | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 17.) The Report recommends that Plaintiff Kathy Reaves be denied leave to file this action, that this action be dismissed with prejudice, that Plaintiff's motion for leave to proceed in forma pauperis be rendered moot, and that any other pending motions be rendered moot because Plaintiff failed to comply with this Court's prefiling injunction. (Id.) Also before the Court are Plaintiff's Motion for Extension of Time (DE 20), Objection to the Report (DE 21), Motions for De Novo Review (DE 22; DE 26), Motions to Vacate (DE 23; DE 27), Motion for Leave to File Out of Time (DE 25), Motion to Amend Complaint (DE 28), and related filings.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I.     BACKGROUND

Plaintiff Kathy Reaves, proceeding pro se, filed this civil action against Wilcox, Buyck & Williams, P.A. (DE 1.) Plaintiff alleges that, in or about August 2021, she obtained a background check for employment-related purposes; that the background check constituted a consumer report under the Fair Credit Reporting Act ("FCRA"); that Defendant lacked a permissible purpose to obtain, access, possess, or use the consumer report; and that Defendant used Plaintiff's consumer-report information in written communications and court filings. (Id. at 2.) Plaintiff asserts FCRA claims for unauthorized use of a consumer report, willful noncompliance, and negligent noncompliance. (Id. at 3.)

On January 25, 2024, this Court entered a prefiling injunction against Plaintiff in Reaves v. Washington et al, No. 4:23-cv-03847-JD. The injunction requires Plaintiff to pay the filing fee in full or obtain counsel before filing new actions related to "any event regarding the Georgia warrant and the 2021 South Carolina arrest in Marlboro County and its effect on Plaintiff's credit report and employment." The injunction also requires Plaintiff to accompany any newly filed complaint within that subject matter with a motion for leave to file, a copy of the injunction order, a statement that the claims or relief sought are unrelated to the prohibited subject matter, a short and plain statement setting forth a valid basis for the claims or relief sought, and a statement identifying whether the claims or relief have been raised before and, if so, where and how they were resolved.

On January 22, 2026, the Magistrate Judge entered an order directing Plaintiff to comply with the prefiling injunction in all respects within fourteen days. (DE 13.) The order warned Plaintiff that failure to comply would result in denial of leave to file and dismissal of this action. (Id.) The order was mailed to Plaintiff at her address of record. (DE 14.) Plaintiff did not timely comply. (DE 16.)

## II.    REPORT AND RECOMMENDATION

On February 11, 2026, the Magistrate Judge issued the Report recommending that Plaintiff be denied leave to file this action, that the action be dismissed with prejudice, that Plaintiff's motion for leave to proceed in forma pauperis be rendered moot, and that any other pending motions be rendered moot. (DE 17.) The Report found that Plaintiff's Complaint is related to the Georgia warrant, the 2021 South Carolina arrest, and its effects, and therefore falls within the prefiling injunction's parameters. (Id.) The Report also found that Plaintiff failed to provide the information required by the pre-filing injunction. (Id.)

The Report advised Plaintiff of the deadline to file specific written objections and warned that failure to timely file specific objections could waive appellate review. (Id.) The Report was mailed to Plaintiff at her address of record. (DE 18.) No timely objections were filed, and the case was marked ready for ruling on March 5, 2026. (DE 19.) Plaintiff later filed the pending motions, objections, and related materials. (DE 20; DE 21; DE 22; DE 23; DE 25; DE 26; DE 27; DE 28.)

### III.  LEGAL STANDARD

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### IV.  DISCUSSION

Because Plaintiff proceeds pro se, her filings are liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Liberal construction, however, does not permit the Court to disregard a valid prefiling injunction, excuse noncompliance with Court orders, or rewrite Plaintiff's filings to avoid applicable filing restrictions. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990). After reviewing the Report, Plaintiff's late-filed objections and motions, the Complaint, the proposed amended complaint, and the record, the Court adopts the Report.

As an initial matter, Plaintiff did not timely object to the Report. The Report was entered on February 11, 2026, and objections were due by February 25, 2026, plus any additional time allowed by the applicable rules. (DE 17.) The docket reflects no timely objections, and the case was marked ready for ruling on March 5, 2026. (DE 19.) Plaintiff did not file her motion for extension, objections, motions for de novo review, motions to vacate, motion for leave to file out of time, or motion to amend until March 16, 2026. (DE 20; DE 21; DE 22; DE 23; DE 25; DE 26; DE 27; DE 28.) Plaintiff has not shown excusable neglect or good cause for the untimely filings. Nevertheless, even considering Plaintiff's late filings, the objections and motions do not provide a basis to reject the Report.

The dispositive issue is Plaintiff's failure to comply with the prefiling injunction. The injunction applies to new actions related to the Georgia warrant, the 2021 South Carolina arrest in Marlboro County, and alleged effects on Plaintiff's credit report and employment. This case falls within that subject matter. Plaintiff's Complaint alleges that, in or about August 2021, she obtained a background check for employment-related purposes and that Defendant later obtained, accessed, possessed, or used information from that consumer report in written communications and court filings without a permissible purpose. (DE 1.) The Report also notes that lawyers from Defendant law firm represented SLED employees in related litigation. (DE 17.) Plaintiff's later filings confirm the connection to the subject matter covered by the injunction: she repeatedly argues that a Georgia warrant or CE-0140412 was fabricated or invalid, that the 2021 South Carolina arrest was unlawful, that SLED

or others disseminated criminal-background information, and that these events affected her employment, teacher certification, and FCRA rights. (DE 20; DE 21; DE 22; DE 23; DE 25; DE 26; DE 27; DE 28.)

Those allegations do not avoid the pre-filing injunction. They establish that this action is related to the very subject matter covered by the injunction. Plaintiff did not pay the full filing fee or obtain counsel before filing this covered action. Nor did Plaintiff submit the required motion for leave to file with the supporting materials required by the injunction, including a copy of the injunction order, a statement showing that the claims are unrelated to the prohibited subject matter, and a statement identifying whether the claims or relief had been raised before and the disposition of those claims. Plaintiff also did not comply after the Magistrate Judge's January 22, 2026, order expressly directed her to comply with the pre-filing injunction and warned that failure to comply would result in denial of leave to file and dismissal. (DE 13.) Because Plaintiff filed a covered action without satisfying the pre-filing injunction's requirements, leave to file this action is denied.

Plaintiff's objections do not identify any error in the Report's pre-filing-injunction analysis. Instead, Plaintiff argues that the Georgia warrant did not exist, that CE-0140412 was fabricated or unauthorized, that Defendant or attorneys in other cases committed fraud on the court, that her arrest violated the Fourth Amendment, and that the Report did not address those constitutional and fraud-related issues. (DE 20; DE 21; DE 22; DE 23; DE 25; DE 26; DE 27.) These objections do not undermine the Report. The Report did not recommend dismissal because it

6

found that the Georgia warrant was valid, that CE-0140412 was authentic, or that Plaintiff's arrest was lawful. The Report recommended denial of leave to file because Plaintiff's Complaint and related filings concern the Georgia warrant, the 2021 Marlboro County arrest, and alleged effects on Plaintiff's credit report and employment, and because Plaintiff did not comply with the pre-filing injunction. Plaintiff's renewed warrant, fraud, FCRA, and arrest-related allegations reinforce the Report's conclusion that this action falls within the injunction.

Plaintiff's motions for de novo review are denied as moot to the extent they request review by the District Judge and denied on the merits to the extent they seek rejection of the Report. (DE 22; DE 26.) The Court has conducted the required review. Plaintiff's filings do not show that the Report erred in concluding that this action is covered by the pre-filing injunction and that Plaintiff failed to comply with that injunction.

Plaintiff's motions to vacate are also denied. (DE 23; DE 27.) The Report is a recommendation, not a final order requiring vacatur, and Plaintiff has not shown any basis to vacate the January 22, 2026, order directing compliance with the pre-filing injunction. That order did not adjudicate the validity of any Georgia warrant, the lawfulness of Plaintiff's arrest, or the merits of Plaintiff's FCRA allegations. It directed Plaintiff to comply with the pre-filing injunction in a case falling within the injunction's subject matter. Plaintiff's disagreement with the injunction and continued challenge to warrant-related facts do not provide a basis to vacate the proper-form order or reject the Report.

7

Plaintiff's request for Rule 59(e) relief is denied. Rule 59(e) applies after entry of judgment and permits alteration or amendment of a judgment in limited circumstances. No judgment has been entered in this action. To the extent Plaintiff seeks reconsideration of interlocutory orders, she has not shown clear error, newly discovered evidence, manifest injustice, fraud on the Court, or any other basis for relief. Her filings continue to focus on the same Georgia warrant, CE-0140412, 2021 arrest, FCRA, and employment-related issues that place this case within the prefiling injunction.

Plaintiff's motion to amend is denied. (DE 28.) The proposed amended complaint does not cure the defect identified in the Report. Instead, it adds or substitutes defendants and expressly alleges claims for fraud on the court, § 1983 Fourth Amendment violations, wrongful seizure of digital communications, and Georgia false arrest or malicious prosecution based on CE-0140412, the 2021 arrest, SLED, criminal-background information, and alleged attorney misconduct in related proceedings. (DE 28-2.) The proposed amendment therefore confirms that Plaintiff seeks to litigate claims within the pre-filing injunction's scope without complying with that injunction. The amendment would be futile.

Plaintiff's objection to the Magistrate Judge's involvement is overruled. Plaintiff filed a notice declining to proceed before a Magistrate Judge and argues that she is entitled to de novo review by the District Judge. (DE 10; DE 20; DE 21; DE 22; DE 26.) The Magistrate Judge issued pretrial orders and a report and recommendation under 28 U.S.C. § 636(b)(1), and this Court conducts the final review

and enters the final order. Consent under 28 U.S.C. § 636(c) is not required for a magistrate judge to issue pretrial recommendations in a referred pro se case.

Finally, Plaintiff's motion for preliminary injunction and motion to proceed in forma pauperis are denied as moot. (DE 2; DE 3.) The pre-filing injunction required Plaintiff either to pay the filing fee in full or obtain counsel before filing a covered action. Because Plaintiff did neither, because Plaintiff failed to comply with the injunction after being ordered to do so, and because leave to file is denied, no pending motion provides a basis for this case to proceed.

Having conducted the required review, the Court finds no error in the Report's conclusion that this action falls within the prefiling injunction and that Plaintiff failed to comply with that injunction.

## V.    CONCLUSION

After a thorough review of the Report, Plaintiff's late-filed objections and motions, the Complaint, the proposed amended complaint, the record in this case, and the applicable law, the Court finds that Plaintiff's objections and motions are without merit and that the Magistrate Judge correctly recommended denial of leave to file and dismissal with prejudice.

Accordingly, the Court ADOPTS the Report and Recommendation (DE 17) and incorporates it by reference. Plaintiff's Motion for Extension of Time (DE 20), Objection to the Report (DE 21), Motions for De Novo Review (DE 22; DE 26), Motions to Vacate (DE 23; DE 27), Motion for Leave to File Out of Time (DE 25), and Motion to Amend Complaint (DE 28) are DENIED. Plaintiff is DENIED LEAVE TO FILE

this action, and this action is DISMISSED WITH PREJUDICE. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (DE 2), Motion for Preliminary Injunction (DE 3), and any other pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

Florence, South Carolina
June 8, 2026

Joseph Dawson, III
United States District Judge

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.